**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

DAVID ENGLISH,                      :
                                    : Civil No. 05-2029 (JBS)
          Plaintiff,                :
                                    :
     v.                             :
                                    :     **O P I N I O N**
DET. ARMSTRONG, et al.,             :
                                    :
          Defendants.               :
_____ :

**APPEARANCES**:

   DAVID ENGLISH, Plaintiff, pro se
   # 155679
   Camden County Correctional Facility
   P.O. Box 90431
   Camden, New Jersey 08102

**SIMANDLE**, District Judge

   Plaintiff, David English ("English"), confined at the Camden County Correctional Facility ("CCCF") in Camden, New Jersey, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915. Based on plaintiff's affidavit of indigence and his prison account statements, it appears that plaintiff is qualified to proceed as an indigent. Therefore, the Court will grant plaintiff's application to proceed in forma pauperis and direct the Clerk of the Court to file the Complaint without pre-payment of the filing fee.

Having reviewed the Complaint to identify cognizable claims pursuant to 28 U.S.C. § 1915(e)(2), the Court concludes that the Complaint should be dismissed for failure to state a claim.

## I.  BACKGROUND

English brings this civil rights action, pursuant to 42 U.S.C. § 1983, against a Camden police officer, Detective W. Armstrong, Badge No. 1227, and a private citizen, Crystal Garland.  (Complaint, Caption, ¶ 4b, c, and d).  The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review.

On March 29, 2005, defendant Crystal Garland placed a 911 call to the Camden police from plaintiff's home and defendant, Detective Armstrong responded.  Garland told Det. Armstrong that plaintiff was holding her against her will.  Plaintiff contends that Garland lied to the police officer.  He states that Garland was under the obvious influence of PCP and crack cocaine.  Det. Armstrong then arrested plaintiff.  English complains that Det. Armstrong was supposed to give plaintiff a summons to appear in court, but instead arrested him and lodged an indictment against him with no evidence.  (Compl., ¶ 6).

English seeks money damages from the defendants and demands that the matter be investigated and that Detective Armstrong be suspended until the outcome of the proceeding.

## II.   **STANDARDS FOR A SUA SPONTE DISMISSAL**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[1]

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all

---

[1]  Plaintiff should also be aware that the PLRA requires Courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  It appears that English has filed two lawsuits which were dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  See English v. Camden County Correctional Facility, et al., Civil No. 95-285 (JBS), and English v. Fratto, et al., Civil No. 95-284 (JBS).  The Court cautions plaintiff that this would be his third strike under § 1915(g).

reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim;

4

district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

English brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

5

With respect to defendant, Crystal Garland, a private citizen, there are no allegations that she was acting under color of state law. She simply reported a crime to which she claims she was a victim, and gave a statement to the police. English disputes that a crime occurred. Therefore, the Court finds that defendant Garland is not a state actor and the Complaint will be dismissed in its entirety as against her for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## IV.  ANALYSIS

As to the remaining defendant, Detective Armstrong, the Court liberally construes the Complaint to allege a claim of false arrest and imprisonment and malicious prosecution.

A.  False Arrest Claim

The Fourth Amendment to the United States Constitution provides that "The right of the people to be secure in their persons ... against unreasonable searches and seizures, shall not be violated." A seizure triggering Fourth Amendment protection occurs when a government actor "by means of physical force or show of authority, has in some way restrained the liberty of a citizen." Terry v. Ohio, 392 U.S. 1, 19 n.16 (1968). To determine the reasonableness of a seizure, a court "must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the

6

governmental interests alleged to justify the intrusion." <u>United States v. Place</u>, 462 U.S. 696, 703 (1983), <u>quoted in</u> <u>Tennessee v. Garner</u>, 471 U.S. 1, 8 (1985) and <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989).

It is well established in the Third Circuit that an arrest without probable cause is a constitutional violation actionable under § 1983.  <u>See</u> <u>Walmsley v. Philadelphia</u>, 872 F.2d 546 (3d Cir. 1989)(citing cases); <u>see also</u>, <u>Albright v. Oliver</u>, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).  Under New Jersey law, false arrest has been defined as "the constraint of the person without legal justification."  <u>Ramirez v. United States</u>, 998 F. Supp. 425, 434 (D.N.J. 1998) (quoting <u>Fleming v. United Postal Service, Inc.</u>, 604 A.2d 657, 680 (N.J. Law Div. 1992)).

To state a claim for false arrest, a plaintiff must allege two elements:  (1) that there was an arrest; and (2) that the arrest was made without probable cause.  <u>Dowling v. City of Philadelphia</u>, 855 F.2d 136, 141 (3d Cir. 1988).  To establish the absence of probable cause, a plaintiff must show "that at the time when the defendant put the proceedings in motion the circumstances were such as not to warrant an ordinary prudent individual in believing that an offense had been committed." <u>Lind v. Schmid</u>, 67 N.J. 255, 262 (1975).  "Probable cause . . .

7

requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995).  Rather, probable cause exists when the facts and circumstances are "sufficient to warrant a prudent man in believing that the defendant had committed or was committing an offense." Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (*quoting* Beck v. State of Ohio, 379 U.S. 89, 91 (1964)); Sharrar v. Felsing, 128 F.3d 810, 817 (3d Cir. 1997).

Moreover "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Palma v. Atlantic County, 53 F. Supp. 2d 743, 755 (D.N.J. 1999)(citing Groman).  See also Anela v. City of Wildwood, 595 F. Supp. 511, 512 (D.N.J. 1984)(holding a person for any length of time without legal justification may be a violation of the right to liberty under the Fourteenth Amendment and thus states a claim of false imprisonment under § 1983).[2]  A § 1983 claim for false arrest typically accrues on the date of the plaintiff's arrest.  See

---

[2] While "[a] false imprisonment claim under 42 U.S.C. § 1983 is based on the Fourteenth Amendment protection against deprivations of liberty without due process of law[,]" Baker v. McCollan, 443 U.S. 137, 142 (1979), the claim is derivative of a Fourth Amendment violation for arrest without probable cause. See Groman, 47 F.3d at 636.

Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Rose v. Bartle, 871 F.2d 331, 348-51 (3d Cir. 1989).[3]

As stated above, a defense to both an unlawful arrest and false imprisonment claim is that the police officer defendants acted with probable cause.  Sharrar, 128 F.3d at 817-18 (a key element of a § 1983 unlawful arrest claim is that the police officer arrested the plaintiff without probable cause); Groman, 47 F.3d at 636 ("an arrest based on probable cause could not become the source of a [§ 1983] claim for false imprisonment").  Here, English admits that he was arrested by defendant based on a report and identification by the alleged victim at the time of the incident.  Clearly, under these admitted facts, probable cause for the arrest is demonstrated and English's claims for false arrest and imprisonment must be dismissed without prejudice for failure to state a claim.

B.  Malicious Prosecution

In order to state a prima facie case for a § 1983 claim of malicious prosecution pursuant to the Fourth Amendment, a plaintiff must establish the elements of the common law tort as it has developed over time, Hilfirty v. Shipman, 91 F.3d 573, 579 (3d Cir. 1996), and that there has been a seizure, Gallo v. City

---

[3] In this instance, plaintiff's arrest occurred on or about March 29, 2005; therefore, the § 1983 claim for false arrest accrued on that date.  Plaintiff submitted this action for filing in the district court on or about April 18, 2005, making his action timely.

9

of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998); Luthe v. Cape May, 49 F. Supp.2d 380, 393 (D.N.J. 1999).  Under New Jersey law, the common law tort elements of a malicious prosecution action arising out of a criminal prosecution are:  (1) the criminal action was instituted by the defendant against the plaintiff, (2) it was actuated by malice, (3) there was an absence of probable cause for the proceeding, and (4) the criminal proceeding was terminated favorably to the plaintiff.  Lind v. Schmid, 67 N.J. 255, 262 (1975).  A plaintiff attempting to state a malicious prosecution claim must also allege that there was "'some deprivation of liberty consistent with the concept of seizure.'" Gallo, 161 F.3d at 222 (quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995)); see Albright v. Oliver, 510 U.S. 266 (1994).  Ordinarily, the statute of limitations on a malicious prosecution claim begins to run on the date plaintiff receives a favorable termination of the prior criminal proceeding.  Heck v. Humphrey, 512 U.S. 477, 489 (1994).

   Here, it appears that English may be alleging malicious prosecution against the defendant.  However, English cannot sustain a malicious prosecution claim at this time because the criminal proceeding has not terminated favorably to him. Therefore, English is unable, at this time, to meet every element necessary to state a cognizable claim of malicious prosecution, and the claim will be dismissed without prejudice.

Moreover, as demonstrated above, it is clear that the defendant had probable cause to arrest and charge plaintiff for the alleged crime based on the victim's complaint and statement to the police. Thus, it would appear that English cannot satisfy either the second or third elements of a malicious prosecution claim at this time. The defendants were simply responding to and investigating the victim's report. There is no apparent malice or lack of probable cause demonstrated in the Complaint. Therefore, the malicious prosecution claim will be dismissed without prejudice for failure to state a claim.

Finally, to the extent that there is an ongoing, pending state criminal proceeding, as it appears to be, English must raise any constitutional challenges he has with respect to the state criminal charges in his state court criminal case. A federal court will not now intercede to consider issues that English has an opportunity to raise before the state court. Younger v. Harris, 401 U.S. 37 (1971).

The United States Court of Appeals for the Third Circuit has enunciated three requirements that must be met before Younger abstention may be invoked:

> (1) there are ongoing state proceedings that are judicial in nature;  (2) the state proceedings implicate important state interests;  and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff.

11

Port Auth. Police Benevolent Ass'n v. Port Auth. of New York and New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992) (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir.1989)).  Here, English's criminal proceedings are pending; thus, state proceedings implicating important state interests are ongoing and English has the opportunity to raise his claims (i.e., that the officer and complainant lied in charging him with the crime) in that proceeding.  Accordingly, this Court would alternatively be constrained by Younger to dismiss English's claims of false arrest and malicious prosecution.

## V.   CONCLUSION

Therefore, for the reasons stated above, plaintiff's false arrest and imprisonment claim and the malicious prosecution claim relating to his current state criminal proceedings, as against defendant Detective Armstrong, will be dismissed without prejudice for failure to state a claim.  The Complaint will be dismissed with prejudice as against defendant Crystal Armstrong, for failure to state a claim upon which relief may be granted, as defendant is not a state actor subject to liability under 42 U.S.C. § 1983.  An appropriate Order follows.


                                   **s/ Jerome B. Simandle**
                                   JEROME B. SIMANDLE
                                   United States District Judge

DATED:  April 26, 2005